## ST. CLAIR v. TEEPLES.

Ohio Appeals, 6th Dist., Wood Co.

No. 419. Decided Feb. 13, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**923. PLEADINGS—661. Intoxicating Liquor.**

Petition, alleging that plaintiff, by reason of threat and duress, was deprived of due process of law, and forced to pay money to magistrate, without hearing or opportunity to enter plea, states good cause of action.

Error to Common Pleas.

Judgment reversed.

Benj. F. James, Bowling Green, for St. Clair.
Wm. B. James, Bowling Green, for Teeples.

### FULL TEXT.

RICHARDS, J.

In the Common Pleas Court a demurrer to the petition was sustained and the plaintiff not desiring to plead farther, his petition was dismissed.

The averments of the petition show that on September 5th, 1927, the defendant was acting as mayor of the village of Bradner in this county and as such mayor issued a warrant for the arrest of the plaintiff on an affidavit filed before the mayor and caused the plaintiff to be brought before him. The petition then alleges that

"upon the arrival of plaintiff before defendant the defendant stated to the plaintiff that he was guilty of selling one bottle containing about twenty ounces of whiskey to one George Clifton, which allegation the plaintiff then and there denied and of which charges plaintiff avers he was entirely innocent; that the defendant then produced the said liquor and accused

(Continued on Page 176)

# SYLLABI
# Ohio Supreme Court

## PRUDENTIAL CO-OP. REALTY Cu. v. YOUNGSTOWN.

Ohio Supreme Court.

No. 20675. Decided March 7, 1928.

Error to Mahoning Appeals.

Judgment affirmed.

**997. REAL ESTATE—291. Constitutional Law—801. Municipal Law—516. Fees and Costs.**

1. Sec. 4346 GC. requiring approval of city plan commission on allotments held constitution.

2. Ordinance providing for payment of fees to such commission for checking plats held valid.

**903. PAYMENT—Under Protest.**

Payment, under protest, to official, to obtain official action, is voluntary when only damage which would accrue other than that naturally resulting from delaying such official action.

(Jones, J., concurs in propositions 1 and 2 of the syllabus, but not in the judgment for the reason that the payment was involuntary and the fees unreasonable.)

(Matthias, J., concurs in proposition 3 of the syllabus and in the judgment.)

---

## LAKE SHORE ELECT. RY. CO. v. P. U. C.

Ohio Supreme Court.

No. 20795. Decided March 7, 1928.

Error to P. U. C.

Order reversed.

**793a. MOTOR TRANSPORT—451. Electric Railways.**

1. Additional service upon motor bus route, over protest of competing traction company, cannot be instituted unless public convenience will thereby be served. Convenience of applying carrier not evidence of public convenience.

2. Change of schedule not justified where main purpose is to take prospective passengers from competing company.

ALLEN, J.

# THE OMNIBUS INDEX

★These Cases will appear in the Official Volumes, as indicated, with changes in paging.

Baker v. Kimball et. (See reverse). OA. 5 Abs. 395; 26 Oh. Ap. 110★.

Button v. Olson et. OA. 6 Abs. 162.

Carcione v. State. Dock. 6 Abs. 173; No. 20993.

Cleveland C. C. & St. L. Ry. Co. v. Geer. OA. 6 Abs. 164.

Cohen v. Smith, etc. OA. 5 Abs. 325; 26 Oh. Ap. 79★.

Copeland v. Grasselli Chemical Co. (See reverse). OA. 6 Abs. 166.

Curro & Whittaker Co. v. Zimanski. (See reverse). Dock. 6 Abs. 125; No. 20962; mo. cer. ov. 6 Abs. 173.

Davison et v. Snyder et. Dock. 6 Abs. 173; No. 20995.

Dunlap v. Dennison Lumber Co. OA. 6 Abs. 163.

Evans v. Molyneux et. OA. 6 Abs. 165.

Grasselli Chemical Co. v. Copeland. (See reverse). Dock. 6 Abs. 125; No. 20959; mo. cer. al. 6 Abs. 173.

Harter v. Marsh. Dock. 5 Abs. 797; No. 20849; mo. cer. al. 6 Abs. 77; mo. to dis. er. proc. ov. 6 Abs. 157; mo. to dis. pet. in er. ov. 6 Abs. 173.

Huntington Nat. Bk. v. Remington et. OA. 6 Abs. 169.

Johnstone v. Toledo Machinery Exc. Inc. Dock. 6 Abs. 141; No. 20969; mo. cer. ov. 6 Abs. 173.

Kehr. v. Coe Mfg. Co. Dock. 6 Abs. 173; No. 20997.

Kimball et v. Baker. (See reverse). Dock. 5 Abs. 281; No. 20479; mo. cer. ov. 5 Abs. 379.

plaintiff of selling the same, which plaintiff then and there still denied; that the said defendant then and there without possessing or having any authority so to do and without allowing the said plaintiff to plead to the charge contained in said affidavit or otherwise, peremptorily ordered the plaintiff to pay unto him the sum of One Hundred and Seven and 20/100 ($107.20) Dollars and stated to plaintiff that he could either pay that amount or be taken immediately by the Marshal of said village, Bruce Bryan, to the county jail of Wood County, Ohio; that plaintiff then and there demanded the right to trial upon said charge, but defendant refused the same and stated that defendant could take his choice of the remedies aforesaid, either to pay or be taken to jail; that thereupon while so threatened by said defendant assuming to act as magistrate and under duress exercised by said defendant the plainitff stated to defendant that he would pay the said sum of One Hundred and Seven and 20/100 ($107.20) Dollars provided he could pay the same under protest and maintain his rights in the recovery thereof in the event that he should be allowed opportunity so to do, and under said arrangement, and not otherwise, the said plaintiff paid the said sum of One Hundred and Seven and 20/100 ($107.20) Dollars."

The plaintiff avers that by reason of said threats and duress he was deprived of due process of law and of the money aforesaid.

Some discussion has been indulged in relating to the powers and jurisdiction of a mayor whose compensation depends in part upon the conviction of a defendant, but we do not understand any such question is before this court. The averments of the petition show that the plaintiff in error never had a hearing or trial before the mayor nor an opportunity to enter a plea. We can only be guided by the petition itself, which shows that on his appearance in response to the warrant he was informed that he was guilty of an offence and that he must either go to jail or pay $107.20. The allegations show a hold-up rather than a trial. If these averments are not in accordance with the facts, that can only be made to appear after an answer has been filed. We determine the case only upon the statements contained in the petition. Taking them as true, the petition stated a good cause of action and the demurrer should be overruled. The judgment will be reversed and the cause remanded for further proceedings.

(Williams and Lloyd, JJ., concur.)